UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
CHRISTIANS OF CALIFORNIA, INC.,

        Plaintiff,

 -v-                                            No. 13 Civ. 275 (LTS)(JCF)

CLIVE CHRISTIAN FURNITURE LTD et al.,

        Defendants.
------------------------------------------------------x

### MEMORANDUM ORDER

Plaintiff Christians of California ("Plaintiff") moves to strike the Fourth, Fifth and Sixth Counterclaims of Defendant, Clive Christian Furniture, Ltd. ("CCF"), pursuant to Federal Rules of Civil Procedure 13 and 15, arguing that these three amended counterclaims are untimely, do not arise from the same facts as those giving rise to Plaintiff's claims and that allowing CCF to pursue these claims at this late stage of the proceeding would prejudice the Plaintiff. This case arises out of Plaintiff's allegations that CCF and Defendants Clive Christian New York, LLP ("CCNY") and Clive Christian ("Christian") (collectively, "Defendants") intentionally interfered with a business relationship with one of Plaintiff's customers, LMC Design Group ("LMC"), causing Plaintiff to lose profits from a sale to that customer and forcing the Plaintiff out of business. The action was originally brought in the District of Colorado and was transferred to the Southern District of New York. This Court has jurisdiction of the case pursuant to 28 U.S.C. § 1332. For the following reasons, Plaintiff's motion is denied in its entirety.

BACKGROUND[1]

On or about December 1998, Defendants and Plaintiff entered into a dealership franchise agreement, permitting Plaintiff to operate a showroom for Clive Christian furniture. (Countercl. ¶ 7.) Defendants contend that, pursuant to the agreement between the parties, the Plaintiff became subject to the Clive Christian brand standards and Global Terms of Trading, which required that independent dealers sell only Clive Christian furniture and prohibited them from using websites or templates not previously approved by CCF, to market themselves. (Id. ¶¶ 9.) Defendants contend that Plaintiff breached the agreement between the parties and used Defendants' trademarks and advertising materials to lure customers into its stores selling them inferior furnishings that were not manufactured by the Defendants. (Id. ¶¶ 21-31.) Defendants further allege that they loaned $172,234 to Plaintiff to be used to bring its Beverly Hills showroom up to "flagship" standards, but that Plaintiff did not use this money to do this, has continued to breach its agreements with Defendants, and has not repaid Defendants. (Id. ¶¶ 32-40.) According to Defendants, in January 2012, CCNY signed an agreement with LMC to provide Clive Christian furniture directly to it, due to LMC's dissatisfaction with Plaintiff and, as Plaintiff continued to violate the terms of the agreement, in March of 2012, Defendants terminated the agreement with Plaintiff and ordered Plaintiff to stop using Defendants' name. (Id. ¶¶ 41-47.)

On February 10, 2012, Plaintiff filed a complaint in the United States District Court for the District of Colorado, alleging that CCNY and the other Defendants had stolen a

---

[1] The facts recited here are taken from Defendants' Answer and Counterclaims to Plaintiff's first Amended Complaint filed on September 17, 2013. (See docket entry no. 77.) All facts alleged in the counterclaim pleading are accepted as true for the purposes of the instant motion, see, e.g., Paramount Pictures Corp. v. Puzo, No. 12 Civ. 1268(AJN), 2012 WL 4465574, at *1 (S.D.N.Y. Sept. 26, 2012), but only the facts relevant to the motion are recited.

business opportunity to sell furniture to LMC from Plaintiff; that Christian knew that the diversion could potentially force Plaintiff out of business; and that CCF violated an exclusivity agreement with Plaintiff by permitting other dealerships selling Defendants' furniture to open in California.  (See docket entry no. 1.)  Plaintiff asserted claims for (1) tortious interference with prospective business advantage; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) fraud/misrepresentation; and (5) unfair competition.  (Compl. ¶¶ 29-63.)  After the case was transferred to this Court, on February 11, 2013, Defendants timely filed an answer and CCF counterclaimed for (1) breach of the dealership agreement; (2) breach of the loan agreement; (3) unjust enrichment; and (4) sought a declaratory judgment that Plaintiff's material breach of the dealership agreement justified its termination.  (See docket entry no. 53; Countercl. ¶¶ 37-60.)

On September 3, 2013, the Court granted Plaintiff's unopposed motion to amend its complaint to add new allegations against the Defendants as well as two new claims for relief – civil conspiracy and unjust enrichment.  (See docket entry nos. 63 and 65.)  On September 17, 2013, the Defendants timely filed their Answer and Counterclaims to the Amended Complaint. CCF reasserted its breach of contract and unjust enrichment counterclaims, and added three new counterclaims: trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1051 et seq. (fourth counterclaim); unfair competition under Section 43(a) of the Lanham Act (fifth counterclaim); and unfair competition under California's Unfair Competition Law (sixth counterclaim); and reasserted the original counterclaim for declaratory relief (seventh counterclaim).

## DISCUSSION

Plaintiff moves to strike CCF's Fourth, Fifth and Sixth Counterclaims, arguing that CCF did not request the Court's leave or receive consent prior to asserting these additional counterclaims, that the Fourth, Fifth and Sixth Counterclaims arise from facts substantially different from those alleged in the Amended Complaint (including Plaintiff's claims for unjust enrichment and civil conspiracy) and that the new counterclaims were filed nearly four months after the expiration of the May 31, 2013, deadline to amend the pleadings established in the original pre-trial scheduling Order.  (See Pre-Trial Scheduling Order, Docket Entry No. 62.) According to Plaintiff, the new counterclaims could have been raised in the original response to the first complaint and CCF has not provided evidence that it was unable or did not have sufficient information to assert new claims in its original answer.  Plaintiff also argues that allowing CCF to amend its counterclaims at this juncture would result in unfair prejudice to Plaintiff, as the new counterclaims drastically alter the breadth of the lawsuit and the parties have already conducted extensive discovery in this matter, including depositions of the parties themselves and relevant third parties.  In its opposition, CCF contends that Plaintiff's motion to strike is untimely; that CCF's new counterclaims should be permitted as of right; and, alternatively, that the Court should grant CCF leave to file these three new counterclaims.

As both parties acknowledge, the Second Circuit has not yet addressed whether counterclaims filed in response to an amended complaint should be permitted as a matter of right and courts in this Circuit have adopted different approaches to this issue.  See Purchase Partners, LLC v. Carver Federal Sav. Bank., No. 09 Civ 9687(JMF), 2013 WL 1499417, at *6 (S.D.N.Y. Apr. 10, 2013) ("the case law regarding a party's ability to amend a counterclaim as of right in response to an amended complaint is 'all over the map'") (quoting Uniroyal Chemical Co., Inc. v. Syngenta Crop. Prot., Inc., 2005 WL 677806(AHN), at *1 (D. Conn. Mar. 23, 2005)

(describing the "three lines of cases [as]: permissive, narrow, and moderate" in their approaches to permitting amendments to answers/counterclaims)).

However, a district court has discretion to grant or deny a defendant leave to amend its answer <u>nunc pro tunc</u>, pursuant to Federal Rule of Civil Procedure 15(a).  <u>See</u> <u>Purchase Partners, LLC</u>, 2013 WL 1499417, at *6; <u>see also</u> <u>Zucker v. Five Towns College</u>, No. 09 Civ. 4884(JS)(AKT), 2010 WL 3310698, at *3 (E.D.N.Y. Aug. 18, 2010); (granting leave to amend <u>sua sponte</u>); <u>Deutsch v. Health Ins. Plan</u>, 573 F. Supp. 1443, 1446 (S.D.N.Y. 1983) (court should grant leave to amend pleadings liberally, even when the leave of court is sought <u>nunc pro tunc</u>).  "Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, [and] it is within the sound discretion of the district court to grant or deny leave to amend."  <u>McCarthy v. Dun & Bradsheet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks and citation omitted).  Leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  The party opposing an amendment to a pleading "bears the burden of establishing that an amendment would be futile."  <u>Ballard v. Parkstone Energy, LLC</u>, 06 Civ. 13099(RWS), 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008) (citations omitted).  "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure."  <u>Id.</u>  (internal quotation marks and citations omitted).

Here, CCF filed its Answer and Counterclaims to Plaintiff's Amended Complaint on September 17, 2013, fourteen days after the Court granted Plaintiff's motion to file its

Amended Complaint. Discovery was still ongoing when the amended counterclaims were filed, Plaintiff only recently moved for partial summary judgment on March 3, 2013, and Defendants have not yet filed any opposition. See Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998) (finding that because discovery was completed and the case was near resolution, permitting an amendment would be too prejudicial). CCF further alleges that it only learned that Plaintiff had a long-standing practice of using CCF's trademark and brand to attract customers to its exclusive CCF-branded dealerships and then, once the customers were interested, offering them non-CCF branded cabinetry and furniture, during the document discovery and depositions that took place in the summer of 2013. (See CCF Opp. at 14.)

Moreover, the Court finds that the addition of these counterclaims will not impede the orderly prosecution of the case or necessitate additional discovery. Plaintiff has already filed an answer to the amended counterclaims and if it wishes to take a 30(b)(6) deposition on the new claims, CCF states that it will provide a deponent. (See CCF Opp. at 16.) Requiring CCF to file a new lawsuit to litigate the amended counterclaims would be costly and inefficient and the new claims appear to be integral to the core problems between the parties. The new counterclaims do not drastically alter the breadth of the lawsuit; the modest consequent expansion of the discovery time frame does not warrant denial of leave to assert them.

Accordingly, the Court finds no undue delay, bad faith or dilatory motive on CCF's part in filing its Amended Counterclaim, and the Court grants CCF leave to amend and accepts the amended counterclaims nunc pro tunc.[2] Plaintiff's motion to strike is denied and its

---

[2] As the Court has discretion to grant CCF leave to amend its counterclaims, the Court also does not consider CCF's argument that Plaintiff's motion to strike the amended counterclaims is untimely.

request for an order requiring CCF to pay Plaintiff's costs and attorneys' fees incurred in conducting additional discovery into these claims is also denied.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to strike the amended counterclaims.  This Memorandum Order resolves docket entry no. 85.  This case remains referred to Magistrate Judge James C. Francis for general pretrial management.

SO ORDERED.

Dated: New York, New York
       March 11, 2014

                                                       /S
                                          LAURA TAYLOR SWAIN
                                          United States District Judge