UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIANS OF CALIFORNIA, INC.,

                    Plaintiff(s),            No. 13-Civ. 275 (LTS)(JCF)

    -against-

CLIVE CHRISTIAN NEW YORK, LLP et al.,    **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND JURY DEMAND AND REQUEST FOR INJUNCTIVE RELIEF**

                    Defendant(s),

1

**TABLE OF CONTENTS**

I. PROCEDRUAL HISTORY ..................................................................................................1

II. GOVERNING LAW ..........................................................................................................2

III. ANALYSIS .......................................................................................................................3

    A. THE UNDERLYING FACTS AND CIRCUMSTANCES RELIED UPON BY PLAINTIFF DEMONSTRATE A PROPER SUBJECT FOR RELIEF UNDER A CLAIM OF COPYRIGHT INFRINGEMENT ............................................................................................................3

    B. DEFENDANTS CANNOT DEMONSTRATE A SINGLE FACTOR MILITATING IN THEIR FAVOR SUFFICIENT TO DENY PLAINTIFF LEAVE TO AMEND ITS COMPLAINT ............5

        1. Futility of Amendment ...............................................................................5

        2. Undue Delay ...............................................................................................8

        3. Undue Prejudice .........................................................................................9

Plaintiff, Christians of California, Inc., by and through its attorneys, the law firm of Lambdin & Chaney, LLP, hereby respectfully moves this Court for leave to file its *Second Amended Complaint and Jury Demand and Request for Injunctive Relief* to add a claim of copyright infringement, and in support thereof, states the following:

## I.   PROCEDURAL HISTORY

This case arises out of Plaintiff's allegations that Clive Christian of New York, LLP ("CCNY"), Clive Christian Furniture ("CCF"), and Clive Christian ("Christian") (collectively, "Defendants"), intentionally interfered with a business relationship with one of Plaintiff's customers, LMC Design Group ("LMC"), causing Plaintiff to lose profits from a sale to that customer and forcing the Plaintiff out of business.

On February 10, 2012, Plaintiff filed a Complaint in the United Stated District Court for the District of Colorado, alleging that Defendants stole a business opportunity from Plaintiff, knowing full well that doing so would force the Plaintiff out of business. [*See* Doc. 1] Plaintiff alleged: (1) tortious interference with prospective business advantage; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) fraud/misrepresentation; and (5) unfair competition. [*See id*.]

The case was transferred to this Court on February 11, 2013. Defendants answered the Complaint and included several counterclaims. [Doc. 53] The Court's original *Pre-Trial Scheduling Order* set May 31, 2013, as the deadline to amend pleadings. [Doc. 62] On September 3, 2013, after a timely filed motion for leave to file an amended complaint, the Court granted the motion allowing Plaintiff to file its First Amended Complaint and add new allegations, as well as additional claims for civil conspiracy and unjust enrichment. [Docs. 63 & 65] In answering Plaintiff's First Amended Complaint, Defendants asserted additional

1

counterclaims, including: (1) trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1051, *et seq.*; (2) unfair competition under Section 43(a) of the Lanham Act; and (3) unfair competition under the California Unfair Competition Law, California Business and Professions Code § 17200, *et seq*. [Doc. 77], bringing intellectual property claims into this action for the first time. On October 18, 2013, Plaintiff filed a motion to strike Defendants' new intellectual property counterclaims. [Doc. 85] The Court denied Plaintiff's motion on March 11, 2014. [Doc. 110]

In a March 21, 2014 telephonic hearing with Magistrate Judge Francis to address scheduling matters, Plaintiff noted that, because Defendants injected intellectual property claims into the case, necessitating additional discovery, Plaintiff would seek leave to assert its own intellectual property claims. Defendants opposed this, and the Magistrate Judge requested Plaintiff file a motion for leave. Consequently, Plaintiff submits its motion, along with its *Second Amended Complaint and Jury Demand and Request for Injunctive Relief*, attached as **Exhibit A**.

## II.     GOVERNING LAW

Rule 15 provides that:

> a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a)(2). In addition, the United States Supreme Court in **Foman v. Davis** made clear that:

> Rule 15(a) declares that **leave to amend 'shall be freely given when justice so requires'**; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

371 U.S. 178, 182 (1962) (*quoting* FED. R. CIV. P. 15) (emphasis added); *see also* **Lacher v. C.I.R.**, 32 F. App'x 600, 602 (2d Cir. 2002) (*citing* **Foman**, 371 U.S. at 182).

## III.   ANALYSIS

This Court should grant Plaintiff's motion for leave to amend the complaint because the operative facts demonstrate a proper source of relief under a claim of copyright infringement and Defendants cannot meet their burden to show any factors in their favor, such as (1) futility of amendment; (2) undue delay; or (3) undue prejudice.

    A.   **THE UNDERLYING FACTS AND CIRCUMSTANCES RELIED UPON BY PLAINTIFF DEMONSTRATE A PROPER SUBJECT FOR RELIEF UNDER A CLAIM OF COPYRIGHT INFRINGEMENT**

Without Plaintiff's knowledge or consent, Defendants appropriated technical drawings Plaintiff created and prepared for the Zaragoza Project and used them as the basis of a $3.2 million sale for the Project. Consequently, Defendants committed copyright infringement.

To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. **Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.**, 499 U.S. 340, 361 (1991); *see also* **Williams v. Crichton**, 84 F.3d 581, 587 (2d Cir. 1996). To prove the second element, the plaintiff must demonstrate that (1) the defendants actually copied plaintiff's work, and (2) such copying was illegal because a "substantial similarity" exists between the allegedly infringing work and the protectable elements of the copyrighted work. **Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)**, 71 F.3d 996, 1002 (2d Cir. 1995).

Here, Plaintiff's claim for copyright infringement arises from the same operative facts plead in Plaintiff's complaints. The copyright infringement claim simply allows for a different form of recovery, and the Plaintiff "ought to be afforded an opportunity to test [its] claim on the merits." *See* **Foman**, 371 U.S. at 182.

Specifically, LMC contracted with Plaintiff on behalf of its clients, the Zaragozas, who were building a house in El Paso, Texas (the "Zaragoza Project" or "Project"). [Doc. 63 at ¶ 20] Plaintiff and LMC entered into a *Design Commencement Agreement* under which Plaintiff agreed to begin design services for the Project. [*Id*. at ¶¶ 21, 22] The design services included producing technical drawings comprising architectural and design plans for the Project (the "Zaragoza Plans").

Plaintiff has applied for and expects to shortly receive certification of a valid copyright to the Zaragoza Plans it produced. In producing the Zaragoza Plans, Plaintiff engaged in the design of furniture, wall finishes, ceiling finishes, and other accoutrements related to several rooms and other portions of the Zaragoza Project. [Doc. 63 at ¶ 23] The total value of the sale of the contracted elements of the Zaragoza Project (not including installation and finishing), were in excess of $3 million dollars. [*Id*. at ¶ 25]

In January of 2012, Plaintiff was informed that LMC signed a contract with Defendant CCNY, for the sale of the products included within the Zaragoza Plans. [*Id*. at ¶ 29] The design services Defendants rendered to LMC were based nearly entirely upon the Zaragoza Plans produced by Plaintiff, as shown by Defendants' Order Form, *see* **Exhibit B**, which is essentially identical to Plaintiff's original Order Form, *see* **Exhibit C**. Defendants copied Plaintiff's Zaragoza Plans, and that copying was illegal because it was done without Plaintiff's knowledge and consent.

Even before the Zaragoza Plans were registered, the Zaragoza Plans contained a notice that any unauthorized copying of the plans was prohibited. Also, Defendant Mr. Christian knew that the Plaintiff was relying on the profits from the Zaragoza Project to maintain continued viability. [Doc. 63 at ¶ 30] In fact, Mr. Christian told Plaintiff that he knew that if Defendant

4

CCNY took the Zaragoza Project from Plaintiff, it could result in Plaintiff going out of business, and he personally made the decision to allow CCNY to take the sale. [Doc. 65 at ¶¶ 30, 31]

Thus, Plaintiff has demonstrated, at this early stage, that the underlying facts and circumstances relied upon are a proper subject of relief. *See* **Foman**, 371 U.S. at 182. The Second Amended Complaint alleges facts sufficient to satisfy both elements of copyright infringement. *See* **Feist**, 499 U.S. at 361; **Knitwaves**, 71 F.3d at 1002.

### B. DEFENDANTS CANNOT DEMONSTRATE A SINGLE FACTOR MILITATING IN THEIR FAVOR SUFFICIENT TO DENY PLAINTIFF LEAVE TO AMEND ITS COMPLAINT

In *Foman*, the Supreme Court provided a list of factors a District Court should consider in exercising its considerable discretion in evaluating whether to grant a motion for leave to amend a complaint:

> …undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman*, 371 U.S. at 182; *see also* **McCarthy**, 482 F.3d at 200 ("[a] [D]istrict [C]ourt has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.") (*citing* **Foman**, 371 U.S. at 182). Defendants cannot meet their burden to show that Plaintiff's claims are futile or the result of undue delay, bad faith or dilatory motive. Defendants also cannot show undue prejudice.

#### 1. Futility of Amendment

The party opposing a motion to amend bears the burden of establishing that an amendment would be futile. **Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.**, 665 F. Supp. 2d 239, 250 (S.D.N.Y. 2009). Amendment would likely be futile if, for example, the

5

claims the plaintiff sought to add would be barred by the applicable statute of limitations. ***Grace v. Rosenstock***, 228 F.3d 40, 53-54 (2d Cir. 2000).

In addition, a proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). ***Oneida Indian Nation of New York v. City of Sherrill***, 337 F.3d 139, 168 (2d Cir. 2003); *see also* ***A.V. By Versace, Inc. v. Gianni Versace, S.p.A.***, 87 F. Supp. 2d 281, 298 (S.D.N.Y. 2000) (if proposed amendment would be subject to immediate dismissal for failure to state a claim or on some other ground, the Court will not permit the amendment). Therefore, "[f]or the purposes of evaluating futility, the 12(b)(6) standard is applied: all well pleaded allegations are accepted as true, and all inferences are drawn in favor of the pleader." ***Ballard v. Parkstone Energy, LLC***, 06 CIV. 13099 (RWS), 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008); *see also* ***Paramount Pictures Corp. v. Puzo***, 12 CIV. 1268 AJN, 2012 WL 4465574, at * 1 (S.D.N.Y. Sept. 26, 2012) ("[t]o survive a motion to dismiss, the counterclaimant's pleading must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.") ((*citing* ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) (*quoting* ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007)).

First, Plaintiff's proposed addition of its copyright infringement claim against Defendants is not barred by the applicable state of limitations. Thus, in this respect, addition of the copyright infringement claim is not futile.

Section 507 of the Copyright Act provides that:

> No civil action shall be maintained under the provisions of the title unless it is commenced within three years after the claim accrued.

17 U.S.C. § 507(b).

Without wading into the thicket of whether the "discovery" or "injury" approach controls in this case,[1] Plaintiff's copyright claim is not barred by the more stringent "injury approach." Specifically, under the injury approach, "a claim accrue[d] at the time of each act of infringement, regardless of the copyright holder's knowledge of the infringement," whereas under the discovery rule, "a claim for copyright infringement does not accrue until the aggrieved party knows or has reason to know of the injury that forms the basis of the claim…" ***John Wiley & Sons, Inc. v. DRK Photo***, 11 CIV. 5454 KPF, 2014 WL 684829 (S.D.N.Y. Feb. 21, 2014) (*citing* **Urbont v. Sony Music Entm't**, 863 F. Supp. 2d 279, 281 (S.D.N.Y. 2012)).

Here, LMC signed a contract with CCNY in January 2012, and Defendants appropriated the Zaragoza Plans as their own, copied them, and used them for the services rendered on the Zaragoza Project starting at that time. [*See* Doc. 1 at ¶29.] Plaintiff filed its original Complaint on February 10, 2012 [Doc 1], and seeks now to amend far in advance of January 2015, when the statute of limitations would expire. *See* 17 U.S.C. § 507(b).

Second, as discussed in section III, A, *supra*, the copyright infringement claim alleged in the Second Amended Complaint sets forth facts sufficient to state a claim. Plaintiff alleges that it owns a valid copyright to the Zaragoza Plans that is (or will shortly be) registered, and that Defendants copied and wrongly used constituent original elements of the Zaragoza Plans without Plaintiff's knowledge or consent. *See* **Feist**, 499 U.S. at 361. Thus, when "all well pleaded allegations are accepted as true, and all inferences are drawn in favor of the pleader," **Ballard**, 2008 WL 4298572, at *3, Plaintiff's copyright infringement claim survives under the Rule 12(b)(6) standard, states a valid claim, and is not futile. *See* **Oneida**, 337 F.3d at 168 (proposed

---

[1] *See* **John Wiley & Sons, Inc. v. DRK Photo**, 11 CIV. 5454 KPF, 2014 WL 684829 (S.D.N.Y. Feb. 21, 2014) ("[n]either the Supreme Court nor the Second Circuit has ruled on the appropriate accrual rule for federal copyright infringement claims.") (*quoting* **Urbont v. Sony Music Entm't**, 863 F. Supp. 2d 279, 281 (S.D.N.Y. 2012).

amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6)).

### 2. Undue Delay

The party opposing the motion for leave to amend has the burden of establishing that the proposed amendment would cause undue delay. ***Stonewell Corp. v. Conestoga Title Ins. Co.***, 04 CV 9867 KMW/GWG, 2010 WL 647531, at *2 (S.D.N.Y. Feb. 18, 2010). The court has discretion to deny leave to amend "where the motion is made after an inordinate delay, [and] no satisfactory explanation is offered for the delay…" ***Grace***, 228 F.3d at 53-54 (*quoting* ***Cresswell v. Sullivan & Cromwell***, 922 F.2d 60, 72 (2d Cir. 1990)).

Here, this Court granted leave to the Defendants to bring the same class of claim, intellectual property claims, at this stage of the litigation. The same operative facts in the case have not changed; the same facts are known to both parties; and the same class of claim is now also being asserted by Plaintiff. Therefore, there is no undue delay on the Plaintiff's part.

In addition, the Plaintiff's proposed amendment would not unduly delay the course of the proceedings by introducing new issues for discovery that have not already be been injected into the case by Defendants, and in any event, discovery will have to be conducted to explore the propriety of Defendants' intellectual property claims. *Contra* ***Ansam Assoc. v. Cola Petroleum, Ltd.***, 760 F.2d 442, 446 (2d Cir. 1985).

Further, mere delay is not, by itself, sufficient to justify denial of a Rule 15(a) motion. ***Parker v. Columbia Pictures Indus.***, 204 F.3d 326, 339 (2d Cir. 2000). Just as in ***Richardson Greenshields Sec., Inc. v. Lau***, 825 F.2d 647 (2d Cir. 1987), the interval between the filing of the original answer and the attempt to amend is no greater in the present case than in many cases in which amendments to the pleadings have been allowed. *Id*. at 649, 653, n. 6 (allowing

amendment where nearly three years passed between the filing of the original complaint and the defendant's proposed amendment).

Finally, while there is a Final Pre-Trial Conference set for July 18, 2014, there is no trial date set. *C.f. Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995) (upholding the denial of a motion to amend three months prior to trial). Thus, allowing Plaintiff to assert its intellectual property claim, just as Defendants have been allowed to do, will not unduly delay the efficient prosecution of this case, much less delay or vacate a trial date. *Id*.

### 3. Undue Prejudice

The party opposing a motion for leave to amend has the burden of establishing that an amendment would be prejudicial. **Monahan v. New York City Dep't of Corrs.**, 214 F.3d 275, 284 (2d Cir. 2000) (*quoting* **Fariello v. Campbell**, 860 F.Supp. 54, 70 (E.D.N.Y. 1994)). Prejudice may occur when the proposed pleading includes an unexpected allegation or defense, is submitted following the termination of discovery or is based upon a new set of operative facts. **Time Products, plc v. J. Tiras Classic Handbags, Inc.**, 93 CIV. 7865 (CSH), 1995 WL 363831 (S.D.N.Y. June 19, 1995). Nonetheless, "[t]he burden is on the party opposing the amendment to show such prejudice." *Id*. (*quoting* **Beeck v. Aquaslide 'N' Dive Corp.**, 562 F.2d 537, 540 (8th Cir. 1977)).

In determining whether undue prejudice would flow from a proposed amendment, a Court must consider whether the new aspects of the proposed pleading would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. **Monahan**, 214 F.3d at 284 (*quoting* **Block v. First Blood Assocs.**, 988 F.2d 344, 350 (2d Cir. 1993)).

Defendants cannot meet their burden to show prejudice from allowing the Plaintiff to bring its own intellectual property claim for copyright infringement. Significantly, discovery is still ongoing. *See* **Ballard**, 2008 WL 4298572, at * 5 ("[d]iscovery in this case is still ongoing … [the opposing party] has offered no arguments or evidence establishing that the addition of … defenses and counterclaims will require Ballard to expend significant additional resources conducting discovery or preparing for trial, or will significantly delay resolution of the dispute."); *c.f.* **Ansam**, 760 F.2d at 446 ("[m]oreover, permitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been complete."). In fact, discovery has been extended due to the introduction of Defendants' intellectual property claims. [*See* Doc 110]

Unlike in **Ansam**, where the plaintiff's claims concerned a different period of time and were derived from a different statute alleging an entirely new set of operative facts, the time period here is exactly the same as that pled in the original complaint, the class of claim is the same as those recently brought by the Defendants, and the operative facts are similar. *C.f.* **Ansam**, 760 F.2d at 446. Therefore, the original Complaint provided fair notice of the facts upon which the core of Plaintiff's dispute with Defendants rests. *See id*.

Second, there is no trial date and the Court has extended discovery to explore the propriety of Defendants' intellectual property claims. Consequently, allowing Plaintiff to bring a single intellectual property claim at nearly the same time as Defendants will not delay the resolution of the dispute. *See* **Monahan**, 214 F.3d at 284.

Finally, allowing Plaintiff to assert a copyright infringement claim concurrently with its other claims for relief will be the most efficient and expedient resolution of the matter. In fact,

disallowing amendment would force Plaintiff to bring another costly lawsuit against Defendants based upon the same set of facts.

As this Court stated in its Order denying Plaintiff's Motion to Strike Defendants intellectual property claims, "[d]iscovery was still ongoing when the amended counterclaims were filed." [Doc. 110 at p. 6] Just as it was with Defendants' additional intellectual property counterclaims, "the addition of [Plaintiff's copyright claim,] will not impede the orderly procession of the case or necessitate additional discovery." [*Id.*] And "[r]equiring [Plaintiff] to file a new lawsuit to litigate the amended []claim would be costly and inefficient and the new claims appear to be integral to the core problems between the parties." [*Id.*] Finally, just as was the case with Defendants' amended counterclaims, "the new []claims do not drastically alter the breadth of the lawsuit; the modest consequent expansion of the discovery timeframe does not warrant denial of leave to assert them." [*Id.*]

Consequently, Defendants cannot claim the addition of Plaintiff's copyright infringement claim would cause them prejudice. *See* ***A.V. by Versace***, 87 F. Supp. 2d at 299 ("allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute undue prejudice); *see also* ***United States v. Cont'l Illinois Nat'l Bank & Trust Co.***, 889 F.2d 1248, 1255 (2d Cir. 1989) (noting adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading).

Accordingly, the Court should grant this motion and accept as filed as of this date Plaintiff's *Second Amended Complaint and Jury Demand and Request for Injunctive Relief*.

DATED this <u>7th</u> day of April, 2014.

Respectfully submitted,


By: /s/ *Gregg S. Rich*
      Gregg S. Rich, Esquire
      Jerad A. West, Esquire
      **LAMBDIN & CHANEY, LLP**
      4949 S. Syracuse Street, Suite 600
      Denver, Colorado 80237
      Telephone: (303) 799-8889
      Facsimile: (303) 799-3700
      E-mail: grich@lclaw.net
              jwest@lclaw.net

*Attorneys for Plaintiff Christians of California, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2014, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND JURY DEMAND AND REQUEST FOR INJUNCTIVE RELIEF** was sent via email and a copy was subsequently forwarded by United States mail, postage prepaid and addressed to the following:

Lynn K. Neuner, Esquire      lneuner@stblaw.com
Christopher Caputo, Esquire      ccaputo@stblaw.com
Linda Marin, Esquire      lmartin@stblaw.com
Simpson Thacher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017-3954
*Counsel for Defendants*

Respectfully submitted,

By: /s/ *Gregg S. Rich*
    Gregg S. Rich, Esquire
    Jerad A. West, Esquire
    **LAMBDIN & CHANEY, LLP**
    4949 S. Syracuse Street, Suite 600
    Denver, Colorado 80237
    Telephone: (303) 799-8889
    Facsimile: (303) 799-3700
    E-mail: grich@lclaw.net
             jwest@lclaw.net

*Attorneys for Plaintiff Christians of California, Inc.*