UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIANS OF CALIFORNIA, INC.,

|  |  |  |
|---|---|---|
| | Plaintiff(s), | No. 13-Civ. 275 (LTS)(JCF) |
| -against- | | |

CLIVE CHRISTIAN NEW YORK, LLP et al., **REPLY MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S MOTION
Defendant(s), FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT AND JURY
DEMAND AND REQUEST FOR
INJUNCTIVE RELIEF**

Plaintiff, Christians of California, Inc. ("COC" or "Plaintiff"), by and though its
attorneys, the law firm of Lambdin & Chaney, LLP, respectfully submits this *Reply
Memorandum of Law in Support of Its Motion for Leave to File Its Second Amended Complaint
and Jury Demand and Request for Injunctive Relief* and, in support thereof, states as follows:

## I.    ARGUMENT

### A.    BALANCING THE GOOD CAUSE STANDARD IN RULE 16(B) WITH THE RULE 15(A) DICTATE THAT LEAVE TO AMEND SHOULD BE FREELY GIVEN TIPS IN FAVOR OF PLAINTIFF

1.    <u>Defendants incorrectly contend that Rule 16(b) solely governs motions to amend a complaint</u>.

Defendants contend the Court should deny Plaintiff's motion out of hand under Rule

16(b) because it was filed after the deadline in the Pre-Trial Scheduling Order. In doing so,

Defendants ignore the proper standard. While relevant, Rule 16(b) must be read together with,

and balanced against, Rule 15(a):

> Where a scheduling order has been entered, the lenient standard under Rule 15(a),
> which provides leave to amend "shall be freely given," must be balanced against
> the requirement under Rule 16(b) that the Court's scheduling order "shall not be
> modified except upon a showing of good cause." FED. R. CIV. P. 15(a), 16(b).

***Grochowski v. Phoenix Const.***, 318 F.3d 80, 86 (2d Cir. 2003).

When, as here, Rules 15 and 16 conflict, Rule 15 cannot be ignored, and must be balanced against the good cause showing called for by Rule 16(b):

> Rule 16 must be read in the light of Rule 15. Moore, supra, P 15.13(1), at 982. Even if Rule 16 were applicable, Rule 15 would prevail here because "the court must . . . *balance the need for doing justice on the merits between the parties ... against the need for maintaining orderly and efficient procedural arrangements*." Moore, *supra*, P 16.20, at 1136.

**Usery v. Marquette Cement Mfg. Co.**, 568 F.2d 902, 909 (2d Cir. 1977) (emphasis added).

Thus, the standard governing Plaintiff's motion directs the Court to consider Rule 16(b)'s good cause requirement balanced against Rule 15(a)'s liberal standard requiring that leave "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); **Foman v. Davis**, 371 U.S. 178, 182 (1962). As noted by the Second Circuit, the need for justice to be done, on the merits, once and for all, must be considered in light of the lesser desire for "efficient procedural arrangements." *Usery*, 568 F.2d at 909.

Here, as discussed below, Plaintiff demonstrates the required good cause under Rule 16(b), and also demonstrates how Defendants' complaints of futility, delay, and prejudice are unsound. Consequently, on balance, the Court should apply its discretion to grant leave to amend. *See* **Gullo v. City of New York**, 540 F. App'x 45, 46 (2d Cir. 2013) ("[w]e review the denial of a motion to amend for abuse of discretion.").

2.    Plaintiff has demonstrated the requisite good cause, and Defendants fail to demonstrate any cognizable prejudice.

Defendants contend that the facts upon which Plaintiff's copyright infringement claims are based were available in March of 2013. (*Defendants' Motion* at 6.) This is not the case.

Specifically,

Under Rule 16(b), good cause can be established by demonstrating that despite the diligence of the moving party, the deadline for making the motion for leave to amend the pleading could not be reasonably met.

*See **Grochowski v. Phoenix Constr.***, 318 F.3d 80, 86 (2d Cir. 2003). One situation constituting good cause is that of new information gleaned from deposition testimony:

> [Plaintiff] was sufficiently diligent in seeking to amend its complaint to include allegations reflecting information disclosed in depositions, and thus established good cause to amend its complaint after deadline set in scheduling order…

***Indus. Tech. Ventures, L.P. v. Pleasant T. Rowland Revocable Trust***, 280 F.R.D. 86, 93 (W.D.N.Y. 2012).

Here, despite the May 31, 2013, deadline, the depositions of John Garrett, the Rule 30(b)(6) deponent for Defendants, and Clive Christian himself, did not occur until July and December of 2013, respectively. Mr. Christian confirmed that Defendants began to employ Frank Durgin, the author of the Zaragoza plans. (*See* **Exhibit 1,** Christian Dep., 251:1-7). Mr. Garrett likewise confirmed this information, (*See* **Exhibit 2,** Garrett Dep., 243:1-25, 244:1-5). Finally, after Mr. Durgin's testimony, also in July 2013, it became clear that he disclosed the copyrighted plans to Defendants after having worked on preparing the designs as an independent contractor to Plaintiff. (*See* **Exhibit 3,** Durgin Dep., 16:9-13; 20:11-18; 21:4-25, 22:1-24; 184:20-24; 185:1-5).  None of these facts were available prior to the May 31, 2013, deadline in the Pre-Trial Scheduling Order.

Moreover,

> Although the moving party's diligence is a [D]istrict [C]ourt's primary consideration in its Rule 16(b) good cause inquiry, a court also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants. An amendment is prejudicial to the non-moving party if it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.

***Wolk v. Kodak Imaging Network, Inc.***, 840 F. Supp. 2d 724, 736 (S.D.N.Y. 2012) (internal citations and quotations omitted).

Here, Defendants cannot demonstrate prejudice. Consequently, when considering the good cause that Plaintiff demonstrates, together with the lack of any showing of futility, undue delay, or prejudice, balanced together, the Court should allow amendment.

**B.    DEFENDANTS FAIL TO SUBSTANTIATE THEIR ASSERTIONS OF FUTILITY, UNDUE DELAY, AND PREJUDICE**

    1.    <u>Plaintiff's motion for leave to amend is not futile; registration is not required, and Plaintiff did not sell the Zaragoza plans to anyone.</u>

A proposed amendment is futile when "it fails to state a claim upon which relief can be granted. … [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." ***Rococo Associates, Inc. v. Award Packaging Corp.***, 06-CV-0975 JS/ARL, 2007 WL 2026819, at *2 (E.D.N.Y. July 9, 2007). Here, Defendants incorrectly assert that Plaintiff's claim is futile.

    a.    *Plaintiff's Claims are not Barred Because its Copyright Application is Still Pending*

Plaintiff applied for a copyright in October of 2013. Despite their diligent attempts to expedite the registration process, Plaintiff's application is temporarily still pending. The Second Circuit Courts are split on whether registration is required. Therefore, even though the Plaintiff is temporarily without a registration certificate, its claim is still valid. Defendant contends, however, that Plaintiff's claim is "fatally flawed." (*Defendants' Motion* at p. 8.) Yet again, Defendant fails to provide the Court with the proper standard.

Section 411(a) of the Copyright Act states that "[n]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C.A. § 411(a).

However, the Federal Circuit Courts of Appeal are split, with some following the "registration approach," requiring copyright registration as a condition precedent to suit, with

still others following the "application approach," allowing suit at the time of filing on application. *Compare*, ***La Resolana Architects, PA v. Clay Realtors Angel Fire***, 416 F.3d 1195, 1202-04 (10th Cir. 2005) (endorsing the registration approach), *with* ***Apple Barrel Prods., Inc. v. Beard***, 730 F.2d 384, 386-87 (5th Cir. 1984) (endorsing the application approach).

Decisions from the Second Circuit, and the District Courts within, are not consistent. Some courts apply the registration approach. *See*, *e.g.*, ***Demetriades v. Kaufmann***, 680 F. Supp. 658, 661 (S.D.N.Y. 1988) ("[a]n action for Federal copyright infringement does not lie "until registration of the copyright claim has been made in accordance with [Federal copyright law] ... [or] registration has been refused..." … [r]eceipt of an actual certificate of registration or denial of same is a jurisdictional requirement, and this court cannot prejudge the determination to be made by the Copyright Office"); *see also* ***City Merch., Inc. v. Kings Overseas Corp.***, 99 CV 10456 (RCC), 2001 WL 286724 (S.D.N.Y. Mar. 23, 2001) (collecting cases).

Still others follow the application approach. For instance, in ***Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.***, 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002), the Court stated: "[a]ctual certification by the Copyright Office is not necessary … [a] copyright holder may commence an action for infringement as soon as the Copyright Office has received a proper application, fee and deposit." *Id*. *See also* ***Havens v. Time Warner, Inc.***, 896 F. Supp. 141, 143 (S.D.N.Y. 1995) (same). The ***Well-Made Toy*** decision was affirmed, *sub nom*, by the Second Circuit in ***Well-Made Toy Mfg. Corp v. Goffa Int'l Corp.***, 354 F.3d 112 (2d Cir. 2003), *abrogated on other grounds by* ***Reed Elsevier, Inc. v. Muchnick***, 559 U.S. 154 (2010).

The Supreme Court then decided ***Reed Elsevier***, originating from the Second Circuit, and held that section 411(a) does not implicate the subject-matter jurisdiction of federal courts.

Although § 411(a)'s historical treatment as "jurisdictional" is a factor in the analysis, it is not dispositive. **Reed Elsevier**, 559 U.S. at 168-69.

Thus, far from resolving the issue, **Reed**, did little more than hold that receipt of a certificate of registration is not a subject matter jurisdictional requirement. *See* 5 A.L.R. Fed. 2d 1 (Originally published in 2005); *see also* Thomas M. Landrigan, *Application or Registration?: Confusion Regarding the Copyright Act's Prerequisite to Copyright Infringement Lawsuits*, 44 IND. L. REV. 581 (2011).

After **Reed**, The Second Circuit decided **Pyatt v. Raymond**, 462 F. App'x 22, 24 (2d Cir. 2012), as amended (Feb. 9, 2012), and held:

> Appellants contend the district court misconstrued the complaint when it held that the subsequently registered works (those registered after filing of the complaint and after Defendants' motions to dismiss were filed) were incorporated in Appellants' copyright infringement claims. The complaint's broad references to "materials," "works," and "versions" are simply insufficient to bring post-complaint registrations within the scope of the complaint's allegations. This is so especially because the "Copyright Act ... requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, ⸺ U.S. ⸺, ⸺, 130 S.Ct. 1237, 1241, 176 L.Ed.2d 18 (2010) (citing 17 U.S.C. § 411(a)).

**Pyatt**, 462 F. App'x at 24. There, broad references to "materials" were insufficient to bring post-complaint copyrighted materials within the copyright infringement claims already pled. Here, however, Plaintiff is seeking the Court's leave to bring a copyright infringement claim against Defendants specifically referencing the exact materials Plaintiff alleges Defendant infringed. **Pyatt** does not discuss whether the Second Circuit has adopted the registration approach or the application approach.

Consequently, Plaintiff's claims are not futile merely because it has yet to receive a certification of registration incident to its application to copyright the Zaragoza plans. *See* **Well-Made Toy**, 354 F.3d at 112.

b.    *Plaintiff Claim is not Futile*

Defendants contend that Plaintiff's claim is futile because it claims Plaintiff sold the Zaragoza Plans to the Zaragozas. Again, this is neither undisputed nor the standard for determining futility. The standard for determining futility of a claim is whether it can withstand a motion to dismiss. ***Oneida Indian Nation of New York v. City of Sherrill***, 337 F.3d 139, 168 (2d Cir. 2003). Therefore, the Court must look at the allegations of the amended complaint, and may not look outside those allegations, as Defendants submit.

Even considering Defendants citations to information outside of the amended complaint, it is clear that there are disputed facts regarding whether the Plaintiff sold the plans or merely its design services. According to the deposition testimony cited by Defendants (*Defendants' Motion*, at 10, n. 3), Ms. McCuaig believes Plaintiff sold the plans to LMC Design Group. Instead, as stated on the face of the documents attached to Defendants' Declaration, "[t]his contract is for the *design commencement* only of the following Clive Christian rooms." On the face of the document, the contract states that "[a]ll plans are available for release upon full payment of the deposit" and that LMC "agrees to purchase the above design work . . ."

There is insufficient evidence to grant summary judgment on the grounds cited by Defendants, let alone a motion to dismiss. Therefore, the Court must reject Defendants' assertion of futility.[1]

---

[1] Defendants also make myriad other assertions concerning Plaintiff's copyright claim failing, "*inter alia*," in certain respects, which are incorrect. (*See Defendants' Motion*, at p. 10.) First, the (1) notice affixed to the plans covers the entire plans, and Plaintiff is not required to "to identify which particular portions of the plans were original works of authorship subject to copyright protection." Second, (2) the Complaint states that Defendants "***copy[ied]*** constituent elements of the original Zaragoza Plans." It is unclear what further particularity Defendants require to allege they are accused of copyright infringement because they "copied" the Zaragoza plans.

In addition, the allegations in the complaint are far from "bare bones," as Defendants suggest. *See* FED. R. CIV. P. 8(a); *see also* **Salerno v. City Univ. of New York**, 191 F. Supp. 2d 352, 356 (S.D.N.Y. 2001) ("there is no such heightened requirement for copyright claims").

### C.       Defendants Failed to Demonstrate Undue Delay

Next, Defendants contend that the "only reason the Plaintiff wants to add a new copyright claim is because Defendants added trademark infringement and unfair competition claims," and that such behavior is "tactical." (*Defendants' Motion* at 13.) Again, this is not the case.

"When considering whether a movant has unduly delayed, 'courts consider (1) the duration of the delay and (2) the explanation offered for the delay.'" ***Grammer v. Mercedes Benz of Manhattan***, 12 CIV. 6005 LTS JCF, 2014 WL 1040991 (S.D.N.Y. Mar. 13, 2014) (J. Swain).

Here, Plaintiff does not seek to "add a copyright infringement claim only because" Defendants injected intellectual property claims into the case. Instead, Plaintiff is pursuing a meritorious claim that Defendants stole, copied, used as their own, and profited from, the plans developed by Plaintiff for the Zaragoza Project. The Plaintiff's claim is not tactical; it is an attempt to bring justice to real harm suffered. Defendants' comments attributing deleterious motives to the Plaintiff's actions are without merit.

As stated, some of the facts required to bring a copyright infringement claim were not known until after the deadline for the amendment of pleadings expired. Despite the time taken to assert its claim of copyright infringement, delay alone in not sufficient to deny a motion under Rule 15(a). ***Parker v. Columbia Pictures Indus.***, 204 F.3d 326, 339 (2d Cir. 2000).

Moreover, there is no trial date (contrary to Defendants' assertion (*Defendants Motion*, at 1). As such, Plaintiff is not seeking to add claims on the eve of trial. *See* ***Zahra v. Town of Southold***, 48 F.3d 674, 686 (2d. Cir. 1995). Further, the Court granted the parties leave to conduct limited discovery on *both* the Defendants' and Plaintiff's proposed intellectual property claims. [Doc. No. 125.] To wit, Defendants have already propounded discovery *about Plaintiff's*

*copyright claim*, and Plaintiffs have answered both interrogatories and requests for admissions from Defendants.

In sum, it is the Defendants' burden to establish undue delay, ***Stonewell Corp. v. Conestoga Title Ins. Co.***, 04 CV 9867 KMW/GWG, 2010 WL 647531, at *2 (S.D.N.Y. Feb. 18, 2010), and they have failed to do so.

### D.     Defendants Fail to Demonstrate Any Prejudice

Finally, Defendants contend they are unable to prepare an effective defense against Plaintiff's "surprising and completely unexpected" copyright infringement claims. (*Defendants' Motion*, at p. 14).  Defendants offer only a single source of delay, namely surprise, as reason to deny Plaintiff's motion. This is insufficient.

As stated in Plaintiff's original motion, the Court must consider whether the new aspects of the proposed pleading would (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. ***Monahan v. New York City Dep't of Corrs***., 214 F.3d 275, 284 (2d. Cir. 2000). Applying this correct test (which Defendants failed to cite), reveals that there is no prejudice, even assuming *arguendo* that Defendants were "surprised."

First, Defendants and Plaintiff are already expending additional resources to conduct limited discovery on Defendants' (and Plaintiff's Proposed) claims. Second, there is no significant delay in the resolution of the case given Defendants added intellectual property claims belonging to the same class and set of facts.  Third, Plaintiff wishes not to bring its copyright infringement claim in another jurisdiction. All Plaintiff seeks is to be allowed to bring all its claims in the same case, and promote the efficient resolution of the matter.

Consequently, Defendants have failed to meet their burden to demonstrate prejudice sufficient to deny Plaintiff's Motion to Amend. *See Time Products, plc v. J. Tiras Classic Handbags, Inc*., 93 Civ. 7865 (CSH), 1995 WL 363831 (S.D.N.Y. June 19, 1995).

## II.   CONCLUSION

Rule 16 requires a good cause showing to amend after the deadline in the Pre-Trial Scheduling Order. Lack of good cause alone, however, is not sufficient to deny amendment, and must be balanced against an analysis under Rule 15. Bluster cannot substitute for compelling argument. And when justice is concerned, procedure is little match for substance. *See Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988) (noting the Second Circuit has "not hesitated to reverse when a trial court 'permit[s] its zeal for clearing its calendar to overcome the right of a party to a full and fair trial on the merits.'").  Therefore, Plaintiff respectfully requests that this Court grant its motion to amend its Complaint.


DATED this 1st day of May, 2014.

Respectfully submitted,


By: */s/ Gregg S. Rich*_____
　　　Gregg S. Rich, Esquire
　　　Jerad A. West, Esquire
　　　**LAMBDIN & CHANEY, LLP**
　　　4949 S. Syracuse Street, Suite 600
　　　Denver, Colorado 80237
　　　Telephone: (303) 799-8889
　　　Facsimile: (303) 799-3700
　　　E-mail:　　　grich@lclaw.net
　　　　　　　　　jwest@lclaw.net

　　　*Attorneys for Plaintiff Christians of California, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of May, 2014, a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND JURY DEMAND AND REQUEST FOR INJUNCTIVE RELIEF** was sent via email and a copy was subsequently forwarded by United States mail, postage prepaid and addressed to the following:

Lynn K. Neuner, Esquire                     lneuner@stblaw.com
Christopher Caputo, Esquire              ccaputo@stblaw.com
Linda Marin, Esquire                          lmartin@stblaw.com
Simpson Thacher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017-3954
*Counsel for Defendants*


                                        Respectfully submitted,


                                        By: */s/ Gregg S. Rich*_____
                                                 Gregg S. Rich, Esquire
                                                 Jerad A. West, Esquire
                                                 **LAMBDIN & CHANEY, LLP**
                                                 4949 S. Syracuse Street, Suite 600
                                                 Denver, Colorado 80237
                                                 Telephone: (303) 799-8889
                                                 Facsimile: (303) 799-3700
                                                 E-mail:          grich@lclaw.net
                                                                      jwest@lclaw.net

                                                 *Attorneys for Plaintiff Christians of*
                                                 *California, Inc.*