```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
CHRISTIANS OF CALIFORNIA, INC.,       : 13 Civ. 0275 (KBF) (JCF)
a Colorado Corporation,               :
                                      :            MEMORANDUM
                                      :            AND   ORDER
              Plaintiff,              :
                                      :
     - against -                      :
                                      :
CLIVE CHRISTIAN NEW YORK, LLP, a      :
Foreign Limited Liability Company     :
d/b/a CLIVE CHRISTIAN NYC, LLC,       :
CLIVE CHRISTIAN FURNITURE, LTD,       :
a Foreign Private Limited Company,    :
and CLIVE CHRISTIAN, an individual,   :
                                      :
              Defendants.             :
- - - - - - - - - - - - - - - - - - -:
CLIVE CHRISTIAN NEW YORK, LLP, a      :
Foreign Limited Liability Company     :
d/b/a CLIVE CHRISTIAN NYC, LLC,       :
CLIVE CHRISTIAN FURNITURE, LTD,       :
a Foreign Private Limited Company,    :
and CLIVE CHRISTIAN, an individual,   :
                                      :
              Counter Claimants,      :
                                      :
     - against -                      :
                                      :
CHRISTIANS OF CALIFORNIA, INC.,       :
a Colorado Corporation,               :
                                      :
              Counter Defendant.      :
- - - - - - - - - - - - - - - - - - -:
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

This case arises out of a business dispute between the plaintiff, Christians of California, Inc. ("CCI"), and defendants Clive Christian New York, LLP, Clive Christian Furniture, Ltd, and

Clive Christian.  I denied the plaintiff's motion for leave to amend the Complaint to add a claim for copyright infringement because, at that time, CCI did not have a registered copyright and the motion was thus futile.  The plaintiff now moves for reconsideration of that decision; the defendants oppose the motion.  For the following reasons, the motion to reconsider is granted and the plaintiff's motion for leave to amend is granted.

Background

The background and procedural history of this case were discussed in the memorandum and order denying the motion to amend. <u>Christians of California, Inc. v. Clive Christian New York, LLP</u>, No. 13 Civ. 275, 2014 WL 2465273, at *1-2 (S.D.N.Y. May 30, 2014). Briefly, the plaintiff alleged that the defendants utilized its architectural and design plans (the "Zaragoza Plans") in order to steal a lucrative client, ultimately forcing the plaintiff out of business.  The plaintiff claimed, in a Proposed Second Amended Complaint ("Proposed 2d Am. Compl."), that it had applied for a copyright on the project plans and that the defendants' actions infringed its intellectual property rights.  At the time the motion for leave to amend the Complaint was filed, however, the plaintiff claimed only that it "own[ed] a valid copyright to the Zaragoza Plans that is (or will shortly be) registered" and acknowledged that while it had "applied for and expect[ed] to shortly receive

certification of a valid copyright," it had not received a final determination on its application from the Copyright Office. (Memorandum of Law in Support of Plaintiff's Motion for Leave to File Second Amended Complaint and Jury Demand and Request for Injunctive Relief ("Pl. Memo. Amend.") at 4, 7).  I denied the motion to amend on the ground that a party cannot assert an infringement claim on the basis of a copyright that has not yet been issued.

On May 27, 2014, plaintiff's counsel received from the U.S. Copyright Office the Certificate of Registration for the Zaragoza Plans, effective November 8, 2013.  (Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of the Court's Order Denying Without Prejudice Plaintiff's Motion for Leave to File its Second Amended Complaint and Jury Demand and Request for Injunctive Relief ("Pl. Memo.") at 3; Certificate of Registration, attached as Exh. B to Pl. Memo.).  Plaintiff's counsel immediately shared that Certificate with opposing counsel, but did not inform the Court prior to May 30, 2014, when I issued the Memorandum and Order denying the motion for leave to amend.  On June 3, 2014, the plaintiff filed the instant motion for reconsideration in light of the newly certified copyright registration.[1]

---

[1]   This case was transferred to the Honorable Katherine Forrest, U.S.D.J., on May 29, 2014, who then vacated the order of

Discussion

    A.   Motion for Reconsideration

        1.   Legal Standard

Motions for reconsideration are governed by Local Civil Rule 6.3 of the Southern District of New York ("Local Rule 6.3") and are committed "to the sound discretion of the district court."[2] Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). That rule permits a party to submit "a memorandum setting forth concisely the matters . . . which counsel believes the court has overlooked" that merit reconsideration. Local Rule 6.3.

A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (internal quotation marks omitted); see also In re Health Management Systems, Inc. Securities Litigation, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) ("[A motion for reconsideration is an] extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." (internal quotation marks omitted)). The standard for such motions is thus

---

reference except as to a pending motion for a protective order and this motion for reconsideration.

    [2] Although the plaintiff relies upon Rule 59(e) of the Federal Rules of Civil Procedure, the standard is identical to that of Local Rule 6.3. See, e.g, Arnold v. Geary, 981 F. Supp. 2d 266, 268-69 (S.D.N.Y. 2013).

"strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation Inc._, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); accord In re Harbinger Capital Partners Funds Investor Litigation, No. 12 Civ. 1244, 2013 WL 7121186, at *2 (S.D.N.Y. Dec. 16, 2013); see also Nakshin v. Holder_, 360 F. App'x 192, 193 (2d Cir. 2010) ("The threshold for prevailing on a motion for reconsideration is high."). A motion to reconsider "should be granted only when the [proponent] identifies an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust_, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); see also Indergit v. Rite Aid Corp., No. 08 Civ. 9361, 2014 WL 2741314, at *1 (S.D.N.Y. June 17, 2014) ("To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice.").

A party may not advance new "facts, issues, or arguments that

were previously available but not presented to the court," id., and a motion for reconsideration is generally "not the proper venue for the submission of new material," Systems Management Arts, Inc. v. Avesta Technologies, Inc., 106 F. Supp. 2d 519, 520–21 (S.D.N.Y. 2000). Local Rule 6.3 thus states that "[n]o affidavits shall be filed by any party unless directed by the Court." (Local Rule 6.3); see also Boarding School Review, LLC v. Delta Career Education Corp., No. 11 Civ. 8921, 2013 WL 6670586, at *1 (S.D.N.Y. Oct. 16, 2013) ("Local Rule 6.3 does not afford a losing party the right to submit any affidavits or new evidence."). Furthermore, the court "[should] not consider facts not in the record to be facts that the court overlooked." Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks omitted).

2. Application

The parties disagree over whether the newly-obtained Certificate of Registration constitutes "new evidence" that was not previously available, the consideration of which would "prevent manifest injustice" (Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of the Court's Order Denying Without Prejudice Plaintiff's Motion for Leave to File Its Second Amended Complaint and Jury Demand and Request for Injunctive Relief ("Pl. Memo." at 8), or whether it is an attempt to introduce "new facts" that were previously available but not presented to the Court and

that have not been submitted with a supporting affidavit or declaration (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration ("Def. Memo." at 2, 8-10). In this case, submission of the Certificate of Registration with a motion for reconsideration is proper, as it provides new evidentiary support for the plaintiff's already argued factual position -- that it "owns a valid copyright to the Zaragoza Plans that is (or will shortly be) registered" (Pl. Memo. Amend. at 7) -- rather than asserting a new (and unexpected) fact that was never before the Court. Furthermore, this new evidence would necessarily change the outcome of the prior ruling, which rested entirely on the futility of the motion to amend absent a determination by the Copyright Office on the plaintiff's application. Thus, reconsideration is reasonably expected to "alter the conclusion reached" in the original decision. <u>Shrader</u>, 70 F.3d at 257.

The plaintiff erred by prematurely filing its motion to amend, by failing to attach any evidence of an approved or pending copyright application, and by failing to notify the court promptly of receipt of the registration (Def. Memo. at 4-5, 8, 10).[3]

---

[3] The plaintiff argues that it intended to submit the certificate as "supplemental authority prior to the Court issuing its Order" but obviously did not do so in time. (Reply in Support of Plaintiff's Motion for Reconsideration of the Court's Order Denying Without Prejudice Plaintiff's Motion for Leave to File its Second Amended Complaint and Jury Demand and Request for Injunctive

However, it now argues that it "filed its motion as one for reconsideration to prevent the waste of time, energy, and resources that would result from fully re-briefing its motion to amend" (Reply at 1). I agree that reconsideration is the appropriate way to deal with this matter. In opposing the instant motion, the defendants do not argue that any prejudice would arise from reconsidering the prior decision rather than considering a renewed motion to amend, nor that it would be necessary to have further briefing on the renewed motion to amend. Indeed, they devote only a short paragraph at the end of the opposition memo to "assert all of [the] previously stated additional arguments for why [the] [p]laintiff's copyright claim should not be allowed" (Def. Memo. at 11), suggesting that they had a sufficient opportunity to brief these issues in response to the original motion to amend and that the changed circumstances have not otherwise altered their position on the proposed amended claims.

Although motions for reconsideration are to be granted in only exceptional circumstances, in this case granting the plaintiff's motion rather than requiring renewal of the motion to amend expedites a determination on the merits and furthers the interests of finality and conservation of judicial resources. I therefore

---

Relief ("Reply") at 2).

grant the plaintiff's motion to reconsider and turn to the underlying question of leave to amend the pleadings.

    B.    <u>Amendment of Pleadings</u>

        1.    <u>Legal Standard</u>

A motion to amend is generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Notwithstanding the liberality of the general rule, "it is within the sound discretion of the court whether to grant leave to amend." <u>John Hancock Mutual Life Insurance Co. v. Amerford International Corp.</u>, 22 F.3d 458, 462 (2d Cir. 1994).

However, "if the motion [to amend] is filed after the deadline imposed by the district court in its scheduling order," the plaintiff must show "good cause" for failure to timely file. <u>Werking v. Andrews</u>, 526 F. App'x 94, 96 (2d Cir. 2013) (citing Fed. R. Civ. P. 16(b)(4)); <u>see also</u> <u>Gullo v. City of New York</u>, 540 F. App'x 45, 46-47 (2d Cir. 2013); <u>Grochowski v. Phoenix Construction</u>, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" (quoting Fed. R. Civ. P. 15, 16)).

In order to show good cause, the moving party must demonstrate that, "despite having exercised diligence" in its efforts to adhere to the court's scheduling order, "the applicable deadline [to amend] could not reasonably have been met." Huber v. National Railroad Passenger Corp., No. 10 Civ. 9348, 2012 WL 6082385, at *3 (S.D.N.Y. Dec. 4, 2012) (citing Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)); see also Werking, 526 F. App'x at 96. "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." Guity v. Uniondale Union Free School District, No. 12 CV 1482, 2014 WL 795576, at *2 (E.D.N.Y. Feb. 27, 2014). The court may also consider prejudice to the nonmoving party, the length of delay in filing the amendment, and the explanation provided by the moving party. Baez v. Delta Airlines, Inc., No. 12 Civ. 3672, 2013 WL 5272935, at *5 (S.D.N.Y. Sept. 18, 2013); see also Wheeler v. Citibank, No. 11 Civ. 4721, 2012 WL 1995148, at *5 (S.D.N.Y. June 1, 2012). The party moving to amend "bears the burden of demonstrating a satisfactory explanation for the delay." Baez, 2013 WL 5272935, at *5.

"After the moving party demonstrates [good cause] under Rule 16, the Rule 15 standard applies to determine whether the amendment is proper." Wheeler, 2012 WL 1995148, at *5; Roland v. McMonagle,

10

No. 12 Civ. 6331, 2014 WL 2861433, at *3 (S.D.N.Y. June 24, 2014) ("Even if the movant [shows good cause], the court may deny the motion based upon other factors such as prejudice to the opposing party."); Beckett v. Incorporated Village of Freeport, No. 11 CV 2163, 2014 WL 1330557 (E.D.N.Y. March 31, 2014) ("Once Plaintiff has established 'good cause' to modify the scheduling order under Rule 16(b)(4), Plaintiff must then satisfy the requirements of Rule 15(a) to be granted leave to amend." ).  Under Rule 15, motions to amend should be denied only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."); Blagman v. Apple, Inc., No. 12 Civ. 5453, 2014 WL 2106489, at *2 (S.D.N.Y. May 19, 2014).  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Retirement Board v. Fluor Corp., 654 F .2d 843, 856 (2d Cir. 1981).

While prejudice to the opposing party is an important

consideration, only <u>undue</u> prejudice justifies denial of leave to amend. See <u>A.V. by Versace, Inc. v. Gianni Versace S.p.A.</u>, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000). "Prejudice arises when the amendment would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." <u>Soroof Trading Development Co. v. GE Microgen, Inc.</u>, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (quoting <u>Block v. First Blood Associations</u>, 988 F.2d 344, 350 (2d Cir. 1993)). "Whether a party had prior notice of a claim and whether the new claim arises from the same transaction as the claims in the original pleading are central to this determination." <u>Blagman</u>, 2014 WL 2106489, at *3 (citing <u>Monahan v. New York City Department of Corrections</u>, 214 F.3d 275, 284 (2d Cir. 2000)). Prejudice may also arise if the proposed amendment would result in significant additional expenditures of time and money. <u>Monahan</u>, 214 F.3d at 284. However, "[a]llegations that an amendment will require the expenditure of additional time, effort, or money do not [themselves] constitute undue prejudice." <u>A.V. by Versace, Inc.</u>, 87 F. Supp. 2d at 299 (internal quotation marks omitted). Thus, the fact that the opposing party will have to undertake additional discovery, "standing alone, does not suffice to warrant denial of

12

a motion to amend a pleading." <u>United States ex. Rel. Maritime Administration v. Continental Illinois National Bank & Trust Co. of Chicago</u>, 889 F.2d 1248, 1255 (2d Cir. 1989).

    2. <u>Application</u>

        i. <u>Good Cause</u>

The plaintiff had good cause for failing to timely file the motion to amend the complaint to add the copyright claim. Contrary to the defendants' assertions that the plaintiff missed "multiple opportunities to try to assert a claim for copyright infringement" since the original Complaint was filed (Def. Memo. at 2; Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and Jury Demand and Request for Injunctive Relief ("Def. Memo. Amend.") at 6, 12), as the prior decision made clear, the plaintiff could not have asserted such a claim until its application had been ruled on by the Copyright Office. In fact, the plaintiff's motion to amend was premature, not late, as it was filed before the copyright was registered.

Even with the plaintiff's alleged attempts to exercise diligence by expediting the Copyright Office's consideration of its application (which ultimately took some six months) (Pl. Memo. at 10), it could not reasonably have met the scheduling order deadline because the application was filed after the deadline had already

13

passed.  Perhaps the plaintiff could have submitted the application earlier so that this claim would have ripened prior to the deadline to amend set forth in the scheduling order; CCI argues, somewhat unpersuasively, that two depositions taken after the deadline to amend "confirmed" that the author of the Zaragoza Project plans began working for the defendants after the plans were allegedly stolen and that "it became clear" that the contractor had disclosed those plans to the defendants, but that "[n]one of these facts were available prior to the May 31, 2013, deadline [to amend]."  (Reply Memorandum of Law in Support of Plaintiff's Motion for Leave to File Second Amended Complaint and Jury Demand and Request for Injunctive Relief ("Reply") at 3-4).  But even if the plaintiff had known all of this information prior to the deadline, that in no way imposed an additional requirement to file for copyright registration at that time.  The scheduling order and the good cause requirement for altering it are simply administrative tools to facilitate efficient case management, not substantive deadlines for when a claim expires.  The plaintiff correctly notes that it raises the copyright claim well within the three year statute of limitations to do so.  (Pl. Memo. Amend. at 6).

Thus, while the delay may complicate discovery and the existing case management schedule, the plaintiff sought out a copyright registration at a reasonable point in time and has moved

14

to add a claim within the statute of limitations.  It made its motion as early as it possibly could have; indeed, too early.  The plaintiff had good cause not to file what would have been a futile motion prior to the scheduling order deadline, and good cause to file the current motion several months after that deadline expired.

### ii.  Undue Delay

The plaintiff could not have filed its motion to amend any earlier than it did, given that the registration had not yet been approved.  For the same reasons the plaintiff had good cause in waiting to file this motion until it did, it did not act with undue delay.

### iii.  Bad Faith or Dilatory Motive

The defendants argue that CCI is engaging in what amounts to a "petty round of tit-for-tat," as it "is only trying to add a claim for copyright infringement because [the] [d]efendants were allowed to assert claims against [the] [p]laintiff for trademark infringement and unjust enrichment."  (Def. Memo. Amend. at 2, 7, 13).  The plaintiff denies this "tactical" motivation and reasserts that information uncovered during discovery contributed to the decision to bring a copyright claim and the delay in filing.  (Reply Amend. at 8).  The defendants' argument is conjectural and unsupported; they have failed to establish that the plaintiff's delay in seeking copyright registration or moving to amend the

15

complaint was done in bad faith or as a delay tactic.

### iv.   Undue Prejudice to the Opposing Party

The defendants allege that the proposed copyright claim is unexpected and they have not had a "fair opportunity to investigate and prepare a legal defense," that copyright issues were not "directly addressed" in any discovery or depositions, and that third party discovery of at least two witnesses would have to be reopened for further investigation into the proposed copyright claim. (Def. Memo. Amend. at 13-14). The plaintiff counters that the defendants, who brought their own intellectual property counterclaims that required additional limited discovery (at least some of which took place after notice of the plaintiff's copyright claim was given), have taken an additional Rule 30(b) deposition and "propounded several sets of written discovery regarding [the] [p]laintiff's proposed coypright infringement claim, which Plaintiff's timely answered." (Pl. Memo. at 10).

The proposed copyright claim arises out of the same transaction as the other claims, and is consistent with the plaintiff's other claims that the defendants stole a client and project from CCI. As discussed in greater detail below, the defendants note that CCI's contract with the Zaragozas discussed a potential transfer of rights to the plans, further suggesting that the parties had notice of some potential intellectual property

claims arising out of the underlying dispute. And while the defendants have demonstrated that granting the amendment may require some additional expenditures of time and money to reopen discovery, and may result in some delay of the scheduled trial dates, they have not shown that these burdens would be significant or could not be ameliorated. The amendment may prejudice the defendants, but it does not constitute <u>undue</u> prejudice that would outweigh the interest in resolving all related claims arising from the disputed acts.

      v.  <u>Futility</u>

As to the first allegation, the plaintiffs counter that even if sale of the plans was contemplated upon completion of the project, in this case the plans were not sold because the work under contract was for "design commencement" only. (Reply Amend. at 7). This is clearly a disputed fact -- drawing inferences in the plaintiff's favor, the parties contracted to begin design work but did not reach an agreement regarding transfer of ownership of

The defendants argue that the amended pleading fails because (1) the plaintiff sold the copyrighted design plans to the Zaragoza clients and thus no longer has any claim to them (Def. Memo. Amend. at 9-10) and (2) the pleading does not properly identify "with any particularity" which portions of the plans were copyrighted and what acts infringed that copyright (Def. Memo. Amend. at 10-11).

17

the plans, and thus the copyright claim is not futile on ownership grounds.

Furthermore, the proposed Second Amended Complaint provides sufficient detail to establish the elements of a claim for copyright infringement. "A properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." Young-Wolff v. McGraw-Hill, No. 13 Civ. 4372, 2014 WL 349711, *2 (S.D.N.Y. Jan. 31, 2014) (internal quotation marks omitted).

The proposed complaint states that the Zaragoza Plans "were a compilation of several technical drawings comprised of architectural and design plans" and that they contained "substantial amounts of original material created by [the plaintiff's] own skill, labor and judgment." (Proposed 2d Am. Compl., ¶¶ 29, 96, 103). This description of the set of documents and the nature of their content gives the defendants fair notice of the claim against them and the copyrighted materials at issue.

The plaintiff also sufficiently alleges the infringing acts, namely, that the defendants "utilized the plans prepared by [the plaintiff] to sell and manufacture furniture, wall and ceiling

18

finishes, and other materials for the Project," and that they "appropriat[ed] as their own the Zaragoza Plans, and cop[ied] constituent elements of the original Zaragoza Plans" in order to use the plaintiff's material "as the basis of their own plans to complete the [Zaragoza] Project." (Proposed 2d Am. Compl., ¶¶ 38, 109, 112). "Although a plaintiff must describe the acts constituting copyright infringement with some specificity, copyright claims are not subject to particularity in pleading," and the plaintiff has met its burden in the proposed pleadings. Blagman v. Apple Inc., No. 12 Civ. 5453, 2013 WL 2181709, at *3 (S.D.N.Y. May 20, 2013) (internal quotation marks omitted)); see also Schneider v. Pearson Education, Inc., No. 12 Civ. 6392, 2013 WL 1386968, at *3 (S.D.N.Y. April 5, 2013) (plaintiff need not plead precise or excessive details of alleged infringing acts).

The defendants have thus failed to sustain their burden of showing that the proposed amended claim would be futile.

Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (Docket no. 139) is granted. The Second Amended Complaint shall be filed within one week of the date of this order.

SO ORDERED.

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           July 18, 2014


Copies mailed this date:
Gregg S. Rich, Esq.
Jerad A. West, Esq.
Lambdin & Chaney, LLP
4949 South Syracuse St. # 600
Denver, CO 80237

Christopher J. Caputo, Esq.
Lynn K. Neuner, Esq.
Linda H. Martin, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017