USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 11 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHRISTIANS OF CALIFORNIA, INC.,

                   Plaintiff,

      -v-                                 13-cv-275 (KBF)

CLIVE CHRISTIAN NEW YORK, LLP,        MEMORANDUM
CLIVE CHRISTIAN FURNITURE, LTD., and  DECISION & ORDER
CLIVE CHRISTIAN,

                   Defendants.

------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

Defendant Clive Christian New York LLP ("CCNY"), defendant Clive Christian, and defendant-counterclaimant Clive Christian Furniture Ltd. (together, "defendants") have moved for summary judgment regarding the eighth claim of plaintiff Christians of California, Inc. ("COC"), which seeks relief for copyright infringement. Because the works at issue were authored by an independent contractor, and because there is no triable issue that the works were "made for hire," plaintiff does not hold a valid copyright. Accordingly, defendants' motion is granted.

I. FACTUAL BACKGROUND[1]

Frank Durgin is a trained architect with over 40 years of experience. (RSOF ¶ 2.) Sometime in 2005 or 2006, Durgin was hired as an employee by COC, and he continued working there until April or May of 2010, when COC laid him off. (RSOF ¶ 3.)

About a year later, in July 2011, COC retained Durgin to draft architectural plans for cabinetry and fitted furniture for a potential project for the Zaragoza family (the "Zaragoza Plans"), prospective clients of COC's Clive Christian Beverly Hills dealership. (SOF ¶¶ 1-2.) Durgin worked on these plans until December 2011. (SOF ¶¶ 4, 9.)

COC alleges that during this time, Durgin was "an independent contractor and agent of COC." (Second Amended Complaint, ECF No. 167 ¶ 107 ("Compl.").) While working on the Zaragoza Plans, Durgin billed COC on an hourly basis (SOF ¶ 7), and was paid without having taxes withheld from his compensation (SOF ¶ 8). COC allegedly oversaw Durgin's work through its employee Taryn Zigterman, a

---

[1] The following facts are taken from defendants' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 (ECF No. 177 ("SOF")), plaintiff's response to that statement (ECF No. 184 ("RSOF")), and defendants' reply to plaintiff's response (ECF No. 189 ("DRSOF")). Although Local Rule 56.1 does not provide for a reply to the non-moving party's statement of facts, courts in this district will consider such replies if warranted by the circumstances of the case. See, e.g., Assured Guar. Mun. Corp. v. Flagstar Bank, FSB, 892 F.Supp.2d 596, 599 (S.D.N.Y. 2012); Winston v. Verizon Servs. Corp., 633 F. Supp. 2d 42, 53 (S.D.N.Y. 2009); Meredith Corp. v. SESAC LLC, No. 09-cv-9177(PAE), 2014 WL 812795, at *2 n.3 (S.D.N.Y. Mar. 3, 2014). Here, taking into consideration the factual allegations in defendants' Rule 56.1 reply statement is warranted because plaintiff did not file its Rule 56.1 response statement until eight days after plaintiff's opposition papers were due and only two days before defendants' reply, without leave from the Court.

Additionally, some of plaintiffs' responses to defendants' statement fail to directly address straightforward factual allegations, and these failures are considered admissions as a matter of law. See Local Civil Rule 56.1(c); Gubitosi v. Kapica, 154 F.3d 30, 31 n.1 (2d Cir. 1998); NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F. Supp. 2d 134, 139 (S.D.N.Y. 2003).

2

recent college graduate with no architectural work experience. (Compl. ¶ 107; RSOF ¶ 6.) Durgin did not sign a written agreement with COC during this time period nor did he otherwise sign a document indicating that the Zaragoza Plans were a work-for-hire. (SOF ¶ 12.)

In December 2011, the Zaragoza family took their business to CCNY, one of COC's competitors. (SOF ¶ 10.) At that point, Durgin stopped working for COC, and shortly thereafter began working for CCNY. (SOF ¶¶ 9-11.) Plaintiff alleges that around this time, CCNY began copying COC's Zaragoza Plans. (See Compl. ¶ 109.) CCNY completed its work on the Zaragoza family's project by July 2013. (SOF ¶ 13.)[2]

In October or November of 2013, COC applied to the U.S. Copyright Office to register a copyright in the Zaragoza Plans. (See SOF ¶ 14; RSOF ¶ 14.) COC then received a Certificate of Registration, effective date of November 8, 2013. (SOF ¶ 16.) On the Certificate of Registration, COC indicated that the Zaragoza Plans were a "[w]ork made for hire." (SOF ¶ 17.) Neither party contends that the Copyright Office examined the facts presented in the Certificate of Registration, nor do any public materials suggest that it does.

II. LEGAL STANDARD

Summary judgment may not be granted unless the movant shows, based on admissible evidence in the record placed before the court, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[2] Plaintiff disputes this fact on the basis that it is unclear whether defendants' involvement has yet been completed. (RSOF ¶ 13.)

3

of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In making a determination on summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

A court may grant relief for copyright infringement only if a plaintiff demonstrates that they own the copyright at issue. See Feist Publ'ns Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003). "[T]he certificate of a registration made before or within five years after first publication of the work . . . constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). However, "a certificate of registration creates no irrebuttable presumption of copyright validity," and "[w]here other evidence in the record casts doubt on the question, validity [of the copyright] will not be assumed." Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905, 908 (2d Cir. 1980). "The evidentiary weight to be accorded the certificate of a registration" is "within the discretion of the court." 17 U.S.C. § 410(c).

III. DISCUSSION

Plaintiff's eighth claim for relief alleges that defendants infringed plaintiff's copyright in the Zaragoza Plans. (See Compl. at ¶¶ 95-113.) Plaintiff argues that it owns the copyright in the Zaragoza Plans because the plans are a work-for-hire,

4

which means that plaintiff owns the copyright in them under 17 U.S.C. § 201(b). However, because it is uncontested that Durgin was an independent contractor at the time he created the plans, and because there is no written agreement between COC and Durgin expressly designating the plans a work-for-hire, plaintiff does not hold a valid copyright in the plans.

Under the Copyright Act of 1976, copyright ownership "vests initially in the author or authors of the work." 17 U.S.C. § 201(a). Generally, the author is the individual who actually creates the work, but the Act carves out an exception for works "made for hire." Id. § 201(b). If a work is "made for hire," "the employer or other person for whom the work was prepared is considered the author," and thus owns the copyright unless there is a written agreement stating otherwise. Id. A work is "made for hire" if it is:

> (1) a work prepared by an employee within the scope of his or her employment; or
>
> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

Id. § 101. The Court analyzes whether an individual is an employee or an independent contractor by applying the general principles of agency law. Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 742-43 (1989).

COC admits that Durgin was "an independent contractor and agent of COC" at the time he created the Zaragoza Plans[3] (Compl. ¶ 107; SOF ¶ 3), and Durgin himself testified under oath that he was an independent contractor for COC when he worked on the Zaragoza Project. (SOF ¶ 1 n.2.) Additionally, there is no evidence in the record that even if Durgin had the title of "independent contractor," he was in fact an employee. For instance, Durgin was hired to perform a specific short-term project (see SOF ¶ 3); he billed COC for his services at an hourly rate (SOF ¶ 7); and COC paid him as they would a non-employee, as demonstrated by the fact that COC did not make withholdings for taxes from Durgin's paychecks (SOF ¶ 8). See, e.g., Reid, 490 U.S. at 751-53 (individual deemed an independent contractor because they were hired for a short-term project, were not paid a salary, and did not have taxes withheld from their compensation); Aymes v. Bonelli, 980 F.2d 857, 863 (2d Cir. 1992) ("[E]very case since Reid . . . has found the hired party to be an independent contractor where the hiring party failed to extend benefits or pay social security taxes."). There is also no evidence that withholdings for social security were deducted from his paycheck; that he was granted sick leave or vacation time; or that COC paid for his health insurance or unemployment insurance. See Reid, 490 U.S. at 752-53; Blue Lake Rancheria v. United States, 653 F.3d 1112, 1120-21 (9th Cir. 2011). Plaintiff therefore has failed to raise a triable issue of fact regarding whether Durgin was equivalent to an employee of COC when he drafted the Zaragoza Plans.

---

[3] There is not a single allegation in the complaint in which Durgin is described as an "employee." (Compl. ¶ 107.)

6

Accordingly, the Zaragoza Plans can be considered a work-for-hire only if (1) the Plans fit within one of the categories listed in 17 U.S.C. § 101, and (2) there was a written agreement between the parties that the Zaragoza Plans were a work-for-hire. But the Zaragoza Plans do not fall into any of the § 101 categories because they were prepared only for private use by a single family—they were not prepared for use in a collective work, or for publication, and the other § 101 categories (which pertain to materials including movies, instructional texts, tests, and atlases) clearly do not apply.

Additionally, there is no written agreement between COC and Durgin specifying that the Zaragoza Plans were to be a work-for-hire. Because Durgin was an independent contractor, this lack of a written agreement assigning ownership rights to COC suffices to defeat COC's claim in this regard. See Aymes, 980 F.2d at 860 (where it is "undisputed that [the parties] never signed a written agreement assigning ownership rights" to the hiring party," work could only be made for hire if prepared by an employee within the scope of their employment); see also SHL Imaging, Inc. v. Artisan House, Inc., 117 F. Supp. 2d 301, 312 (S.D.N.Y. 2000) (even if work by independent contractor fits within § 101 categories, it "will still not qualify as a work-for-hire because there was no written agreement between the parties").

Plaintiff argues that an "employment policy manual" between Durgin and COC provides evidence of such a written agreement. (See RSOF ¶ 12.) This argument lacks merit. First, the supposed "contract" is merely an employee manual

7

that expressly states that it is not a contract. (See Reply Declaration of Christopher J. Caputo ex. 11, ECF No. 190.) Second, to the extent this employee manual ever did bind Durgin, it surely ceased to do so when Durgin's employment with COC ended in April or May of 2010, and there is no evidence of novation after this time. Lastly, the manual neither expressly nor implicitly designates the Zaragoza Plans or any particular category of output a work-for-hire.

COC therefore does not hold a valid copyright in the Zaragoza Plans.[4]

IV. CONCLUSION

For the reasons set forth above, the Court grants defendants' motion for summary judgment regarding COC's eighth claim for relief for copyright infringement.

The Clerk of Court is directed to close the motion at ECF No. 175.

SO ORDERED.

Dated: New York, New York
September 15, 2014

KATHERINE B. FORREST
United States District Judge

---

[4] The Court need not address in detail defendants' argument that plaintiff cannot establish that it is entitled to statutory damages, damages for willful copyright infringement, or injunctive relief. It is clear that COC is not entitled to damages because there is no predicate statutory damages claim under which COC can recover and the alleged infringement predates the effective date of the registration of the mark. COC also fails to carry its burden of proving irreparable harm that would justify granting an injunction.

8