USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 18 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- X
                                       :

CHRISTIANS OF CALIFORNIA, INC., a Colorado :
Corporation,                                       :

                    Plaintiff,              :

                  -v-                       :      13-cv-275 (KBF)

CLIVE CHRISTIAN NEW YORK, LLP, a Foreign :     OPINION & ORDER
Limited Liability Company d/b/a as Clive    :
Christian NYC, LLC, et al.,             :

               Defendants.        :

--------------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

    Plaintiff has moved for reconsideration of the Court's September 11, 2014

order granting those portions of defendants' second omnibus motion in limine

pertaining to Julie Lloyd and Martin Warbrick and denying plaintiff's requests for

Julie Lloyd, Martin Warbrick, and Taryn Zigterman to testify at trial via

videoconferencing. If ever there were a case of a motion for reconsideration being

brought as an attempt at a second or third bite at the apple, this is it. For the

reasons that follow, plaintiff's motion is DENIED.

I.    BACKGROUND

    In February 2012, plaintiff Christians of California, Inc. ("plaintiff") filed this

action against defendants Clive Christian New York, LLP, Clive Christian

Furniture, Ltd., and Clive Christian (collectively "defendants") seeking recovery for

damages for a potential sale of cabinetry and fitted furniture that it allegedly lost to

defendants. (ECF No. 1.) Shortly after, defendants counterclaimed for damages

stemming from plaintiff's alleged violations of a dealership agreement. (ECF No. 53.)

The parties have engaged in extensive discovery in the two-and-a-half years since that time. Of particular relevance to the motion now before the Court, Taryn Zigterman ("Zigterman") was deposed on July 17, 2013. (Declaration of Christopher J. Caputo, ECF No. 200 ex. 6 app. A.) Her deposition was attended by Rick DeLesk ("DeLesk"), (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration of the Court's Order [Doc. 222] ("Def.'s Opp."), ECF No. 240 at 15), who was himself deposed on May 20, 2014, (Memorandum of Law in Opposition to Defendants' Second Omnibus Motion In Limine to Exclude Inadmissible Evidence at Trial, ECF No. 211 ex. B). Julie Lloyd ("Lloyd") was deposed on October 3, 2013. (Id. ex. I.)

Trial in this matter was initially scheduled to commence before the Honorable Laura Taylor Swain in April 2014. (See ECF No. 62.) In February 2014, plaintiff submitted a witness list indicating that Lloyd would be presented via video deposition designations, and listing Martin Warbrick ("Warbrick") as a potential witness. (Declaration of Lynn K. Neuner ("Neuner Decl."), ECF No. 241 ex. 1.) Plaintiff also provided its list of trial exhibits, which did not include phone records produced by Lloyd. (Id.) On March 12, 2014, defendants filed a motion in limine to, inter alia, preclude plaintiff from calling Warbrick as a witness at trial, on the grounds that he was not identified on any of plaintiff's Rule 26(a) disclosures and

2

that he lacks relevant knowledge about the facts at issue in this dispute.  (ECF Nos. 107-08.)

The case was reassigned to this Court on May 29, 2014.  The Court postponed the trial date to September 22, 2014, and ordered that all pretrial motions be fully briefed by September 12, 2014.  (ECF No. 143.)  Then, at a telephonic hearing on July 29, 2014, the Court granted defendants' motion to preclude plaintiff from calling Warbrick to testify at trial.  (ECF No. 173.)

On September 5, 2014, defendants filed their second omnibus motion in limine, which sought, inter alia, to preclude Warbrick from testifying at trial and to preclude plaintiff from taking Lloyd's trial testimony via videoconferencing.  (ECF No. 198.)  Defendants also sought to preclude testimony by any representative of plaintiff regarding a letter that plaintiff alleges was written by non-party Lori McCuaig of LMC Design Group (the "McCuaig letter"), which was not produced during discovery.

On September 8, 2014,[1] plaintiff filed a Rule 43 motion seeking permission for Lloyd and Warbrick to testify at trial via videoconferencing.  (ECF No. 202.)  Two days later, plaintiff filed a brief in opposition to defendants' motion in limine, which additionally requested permission for Taryn Zigterman ("Zigterman") to testify at trial via videoconferencing, primarily in order to address the McCuaig letter.  (ECF No. 211 at 1.)

---

[1] Although the notice of motion is dated "this 5th day of September, 2014," the docket entry for the motion reflects September 8, 2014 as the date of filing.

The Court held a telephonic conference on September 11, 2014, during which it granted defendants' second omnibus motion in limine and denied plaintiff's Rule 43 motion, as memorialized in an order dated September 15, 2014. (ECF No. 222.) The Court explained that it had read all of the papers submitted by the parties and determined that plaintiff had failed to "make sure that witnesses who are important to their case are available either through deposition testimony or subpoena," and that plaintiff's requests with respect to "Lloyd, Warbrick and Zigterman are each in the nature of trying to do that which could have been done pretrial." (Transcript of September 11, 2014 Telephonic Conference, Neuner Decl. ex. 3 at 4:15-22.) The Court then explained in detail why plaintiff was not entitled to take testimony at trial via videoconferencing for each of the three witnesses. (Id. at 4:23-8:16.)

With regard to Lloyd, the Court noted that it became clear at Lloyd's deposition that she did not have all of the phone records on which plaintiff sought to question her, yet plaintiff did not adjourn the deposition nor did they seek an agreement by which the parties would proceed on the understanding that the deposition would resume at a later date. (Id. at 5:5-16.) The Court further noted that plaintiff made no attempt to authenticate the phone records through a custodian. (Id. at 5:17-21.) Accordingly, because the issue was of the plaintiff's own making, the Court refused to allow the extraordinary remedy of permitting Lloyd to testify at trial via videoconferencing. (Id. at 6:9-15.)

With regard to Zigterman, the Court explained that plaintiff had had a full opportunity to question her on the McCuaig letter during her deposition and chose

4

not to do so, and that plaintiff's failure in this regard did not justify Zigterman's testifying at trial via closed-captioned television testimony. (See id. at 8:1-16.) The Court further noted that the testimony plaintiff sought to elicit from Zigterman was likely inadmissible because there was no evidence that the McCuaig letter even existed (aside from simple hearsay). (Id. at 8:16-9:24.) After the Court denied plaintiff's request, plaintiff's counsel reported that Ms. Zigterman was in fact available to testify in New York for one day, and that the "issue with her not coming live to trial in New York is she's just started a new job and she can't take three days off." (See id. at 14:6-11.)

With regard to Warbrick, the Court found that there was no basis for good cause for him to testify at trial via videoconferencing, because plaintiff could have deposed him, or made the necessary arrangements for him to testify in person at trial. (Id. at 6:24-7:25.) Plaintiff asked the Court if it would permit Warbrick to testify at trial if he were able "to travel personally to testify in New York," to which the Court responded that plaintiff's failure to properly notice Warbrick as a potential witness likely meant that "the ship [h]as sailed on him." (Neuner Decl. ex. 3 at 13:16-25.)

On September 30, 2014, plaintiff filed the instant motion for reconsideration of the Court's order granting those portions of defendants' second omnibus motion in limine pertaining to Lloyd and Warbrick and denying plaintiff's requests for Lloyd, Warbrick, and Zigterman to testify at trial via videoconferencing. (ECF No. 230.) The motion became fully briefed on October 23, 2014. (ECF No. 244.)

5

## II.   LEGAL STANDARD

### A.   Motion for Reconsideration

"The standards governing a motion for reconsideration under Local Rule 6.3

are the same as those under Federal Rule of Civil Procedure 59(e)." Abrahamson v.

Bd. of Educ., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). Thus, a "motion to

reconsider should not be granted where the moving party seeks solely to relitigate

an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

1995). Rather, to prevail on a motion for reconsideration, the movant must "point to

controlling decisions or data that the court overlooked—matters, in other words,

that might reasonably be expected to alter the conclusion reached by the court." Id.

However, motions for reconsideration cannot be based on arguments not previously

raised. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) ("Rule 59 is

not a vehicle for . . . presenting the case under new theories, securing a rehearing on

the merits, or otherwise taking a 'second bite at the apple' . . . .").

### B.   Rule 43

The transmission of live trial testimony via videoconferencing from a remote

location is permitted only upon a showing of "good cause in compelling

circumstances." Fed. R. Civ. P. 43. The Advisory Committee's notes to Rule 43

state that "[t]ransmission cannot be justified merely by showing that it is

inconvenient for the witness to attend the trial," and that "[a] party who could

reasonably foresee the circumstances offered to justify transmission of testimony

will have special difficulty in showing good cause and the compelling nature of the

circumstances." Id. advisory committee's note to 1996 amendment.

6

III.   DISCUSSION

On this motion, plaintiff again asks this Court to permit three fact witnesses to testify at trial via videoconferencing.  But plaintiff cannot demonstrate that there has been a change in the law since the Court issued its decision, nor does plaintiff bring forward any facts or legal arguments previously overlooked by the Court. Indeed, plaintiff's motion is an attempt to relitigate issues that this Court has previously decided and to get the Court to fix mistakes in discovery that are of plaintiff's own making.

A.   Testimony via Videoconferencing by Julie Lloyd and Taryn Zigterman

For the second time, plaintiff asks for permission to call Taryn Zigterman and Julie Lloyd to testify at trial by videoconference.  There is no new law or new evidence supporting plaintiff's argument, nor are there compelling circumstances such as illness, disability, legal impediment, or actual conflict that would justify permitting either to testify via videoconferencing instead of live at trial.

First, as a preliminary matter, the Court must emphasize that it is in no way "precluding both Lloyd and Zigterman's live trial testimony," as plaintiff suggests. (ECF No. 231 at 11.)  The Court's prior orders do not preclude Lloyd or Zigterman from providing live, in-person testimony at trial—the Court has only precluded them from testifying via videoconferencing, which is quite a different matter from precluding their testimony entirely.

Plaintiff argues that Lloyd should be permitted to testify at trial via videoconferencing so that plaintiff can question her on 89 pages of documents she produced through defendants' counsel on October 15, 2013, less than two weeks

7

after her deposition and nearly a year prior to plaintiff's Rule 43 motion. As the Court previously noted, plaintiff could have re-deposed Lloyd in the eleven months following her October 2013 deposition,[2] or sought answers from her in written form, or authenticated the records by some other means. Although there is no rule requiring a party to take a deposition prior to presenting a witness's testimony, a party's failure to depose or question an individual or to authenticate documents about which that individual has knowledge does not thereby entitle them to have that individual testify at trial via videoconferencing.

Further, plaintiff's argument that a party is not required to use deposition testimony in place of live in-court testimony is misplaced, primarily because the Court has not precluded plaintiff from presenting any live in-court testimony, but rather has only precluded the presentation of live testimony <u>via videoconferencing</u>. Additionally, plaintiff's argument here rests on the thin reed of <u>In re Jacoby Airplane Crash</u>, Civ. No. 99-6073 (HAA), 2007 WL 559801 (D.N.J. Feb. 14, 2007), which states only that while "[a] party is not required to use deposition testimony in place of having the person testify live at trial," they have the option of doing so, <u>id.</u>

---

[2] Plaintiff's argument that "the Federal Rules of Civil Procedure do not provide for trial preservation depositions" (ECF No. 244 at 6) is incorrect. Plaintiff is right that the Second Circuit "draws no distinction between depositions taken for purposes of discovery and those taken for use at trial," Manley v. AmBase Corp., 337 F.3d 237, 247 (2d Cir. 2003), but it does not follow that depositions may be taken <u>only</u> for purposes of discovery. Rather, it is well established that depositions under Rule 32 may be used <u>both</u> for discovery purposes <u>and</u> for use at trial. Indeed, this is a matter of common knowledge among litigators, and the Court hopes for plaintiff's sake that plaintiff's counsel did not conduct their depositions in this matter under the mistaken assumption that the testimony elicited at those deposition could not be used at trial. In any event, it is precisely because deposition testimony can be used at trial that plaintiff's failure to re-depose Lloyd is relevant to the Rule 43 "good cause" analysis.

at *8. Nothing else has been brought to the Court's attention that would change its determination as to Lloyd.

With regard to Zigterman, plaintiff argues that the Court should permit her to testify at trial via videoconferencing because she will testify as to the McCuaig letter, which she was not asked about because her deposition was taken on July 17, 2013 and the issue of the McCuaig letter did not surface until DeLesk's deposition on May 20, 2014. With regard to whether "good cause" to permit such testimony exists under Rule 43, as the Court previously explained, it is not clear that the McCuaig letter even exists, and if it does, testimony as to it by Zigterman would likely be inadmissible hearsay. Moreover, plaintiff had a full opportunity to question Zigterman on the letter at her July 17, 2013 deposition,[3] and could have asked the Court for leave to re-depose Zigterman or send her additional questions in the 13 months following. In any event, there is no evidence establishing "compelling circumstances" justifying Zigterman's testifying at trial via videoconferencing, especially considering that she is available to come to New York to testify. (Neuner Decl. ex. 3 at 14:6-11.)

B.     Testimony via Videoconferencing by Martin Warbrick

The Court has twice precluded Warbrick from testifying at trial. (ECF Nos. 173, 202.) Plaintiff now asks for a third time for permission to call Warbrick, arguing that his testimony is relevant and that it would be a manifest injustice to require Warbrick to make a trip across the Atlantic to testify here in New York.

---

[3] Plaintiff argues that the issue of the McCuaig letter did not surface until DeLesk was deposed. DeLesk, however, attended Zigterman's deposition, and could have at that time brought up the issue of the letter, if it were indeed of critical importance.

9

Plaintiff has not on this motion offered any new law or any new evidence that militate toward permitting Warbrick to testify via videoconferencing at trial.

Plaintiff failed to appropriately identify Warbrick, who lives in the United Kingdom, in their Rule 26(a) disclosures, and plaintiff did not depose him. Clive Christian did, however, state at his deposition that he was aware of Warbrick's existence and that Warbrick authorized certain contract modifications, but this did not itself obviate the need for plaintiff to identify Warbrick as a witness. Although Rule 26(e)(1)(A) does not require parties to update their pretrial disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," it does not follow that once Party A's witness states that they are aware of the existence of Party B's potential witness and their possible connection to the case at hand, that Party B is then exempt from Rule 26's disclosure requirements as to that witness. Rule 26's disclosure requirement is aimed at apprising a party of the witnesses on whom their opponent intends to rely to support their claims or defenses, so as to prevent unfair surprise and to give the party the opportunity to respond tactically. Defendants' mere knowledge of Warbrick's existence and relationship to their business operations does not itself indicate that defendants were so apprised.

Plaintiff now seeks to correct the problem caused by their failure to depose Warbrick with a double-fix: to have him testify at trial (which would solve the problem caused by their failure to depose him) via videoconferencing (which would solve the problems caused by his being located overseas). As the Court earlier

10

determined, no compelling circumstances justify doing so—there has been no showing that illness, incapacity, unavailability or conflict will prevent Warbrick from stepping on a plane to make the seven-hour flight to appear in person at the trial in this matter.  Indeed, plaintiff suggested during the September 11, 2014 telephonic hearing that Warbrick might be able to "travel personally to testify in New York." (Neuner Decl. ex. 3 at 13:16-18.)  Further, plaintiff's current arguments as to the potential relevance of Warbrick's trial testimony merely rehash those which have already been rejected by this Court.  Accordingly, there are no new facts or circumstances justifying the Court's reversal of its prior decision precluding Warbrick from testifying at trial.

C.    Other Legal Bases for Preclusion of Testimony via Videoconferencing

The Court's orders precluding Lloyd, Warbrick, and Zigterman from testifying at trial via videoconferencing were not based on a misinterpretation of Rule 43 nor did they overlook legal arguments then (as opposed to only now) advanced by plaintiff.

First, plaintiff argues that the Court incorrectly applied Rule 43 because under the Court's rationale, the contemporaneous transmission of live testimony is never appropriate because it is always possible to take a witness's deposition before trial. (ECF No. 231 at 11.)  This is incorrect.  The Court did not interpret Rule 43 to never allow for testimony via videoconferencing.  Rather, the Court interpreted Rule 43 as not allowing for testimony via videoconferencing by certain witnesses who plaintiff had the opportunity to depose and who are not subject to compelling circumstances preventing them from testifying in person at trial.  That is, the Court

11

interpreted Rule 43 as favoring in-person testimony to testimony via

videoconferencing when both are viable options.

This interpretation of Rule 43 is well established.  The Advisory Committee

Notes for the 1996 amendments to Rule 43 state:

> The importance of presenting live testimony in court
> cannot be forgotten. The very ceremony of trial and the
> presence of the factfinder may exert a powerful force for
> truthtelling. The opportunity to judge the demeanor of a
> witness face-to-face is accorded great value in our
> tradition. Transmission cannot be justified merely by
> showing that it is inconvenient for the witness to attend
> the trial.

See Fed. R. Civ. P. 43 advisory committee's note to 1996 amendments.  Several

Circuit Courts of Appeals have recognized this preference for live in-court testimony

over contemporaneously transmitted testimony.  E.g., Palmer v. Valdez, 560 F.3d

965, 968-69 & n.4 (9th Cir. 2009); Thornton v. Snyder, 428 F.3d 690, 698 & n.2 (7th

Cir. 2005); Rusu v. INS, 296 F.3d 316, 322 & n.9 (4th Cir. 2002); United States v.

Navarro, 169 F.3d 228, 238-39 (5th Cir. 1999).

Second, the Court need not consider plaintiff's argument that the Court

misapplied Rule 16 because the Court's decisions regarding whether to permit

Lloyd, Zigterman, and Warbrick to testify via videoconferencing at issue were based

solely upon Rule 43.  The Court did comment in passing that permitting testimony

via videoconferencing would effectively allow plaintiff to make an end-run around

the scheduling order in this action, but this does not mean that the court's

preclusion of testimony via videoconferencing was based on a determination that

plaintiff had not presented "good cause" under Rule 16.

Third, the Court rejects plaintiff's argument that precluding testimony via videoconferencing violates plaintiff's constitutional rights, and particularly plaintiff's right to a fair trial, because this argument was not presented to the Court on the prior motions, and "it is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court." Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Las Vegas Prof'l Football Ltd. P'ship, 409 Fed. App'x 401, 403 (2d Cir. 2010) (quotation and internal quotation mark omitted). Further, there is no legal basis for the argument that the denial of a party's request to permit a witness to testify via videoconferencing at trial violates the Fifth Amendment.[4]

IV. CONCLUSION

For the above reasons, plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 230.

SO ORDERED.

Dated:       New York, New York
             November 17, 2014

                                        K. B. Forrest
                                 _____
                                        KATHERINE B. FORREST
                                      United States District Judge

---

[4] Plaintiff cites four cases in support of their argument that the decision to preclude testimony via videoconferencing by Lloyd, Warbrick and Zigterman violates plaintiff's constitutional rights: Alfadda v. Fenn, 159 F.3d 41, 48 (2d Cir. 1998); Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC, 81 F.3d 1224, 1233 (2d Cir. 1998); Schertenleib v. Traum, 589 F.2d 1156, 1165 (2d Cir. 1978); and Howe v. Goldcorp Invs., Ltd., 946 F.2d 944, 952 (1st Cir. 1991). These cases are inapposite because they state only that the ability to secure live in-court testimony is a relevant consideration in determining the appropriate forum for a case. None stands for the proposition that denying a party's request to allow a witness to testify remotely via videoconferencing violates the Fifth Amendment.

13